UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| SHANE CARGILE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-cv-18-MJD |
| | ) |
| ISAAC MEEKS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Shane Cargile ("Plaintiff"), an inmate at the Coffee County Jail, filed this civil rights action pursuant to 42 U.S.C. § 1983, on February 20, 2024, against Defendants Coffee County, Tennessee (the "County"), and Isaac Meeks ("Officer Meeks"), a corrections officer at the Coffee County Jail. Plaintiff alleges Officer Meeks used excessive force against him during an incident on February 19, 2023, when Plaintiff was a pretrial detainee, which violated Plaintiff's rights under the Fourteenth Amendment to the United States Constitution. On November 5, 2025, Plaintiff stipulated to the dismissal of the County [Doc. 38], leaving Officer Meeks as the only remaining defendant in this case.

The Court conducted a pretrial conference on November 18, 2025 ("November Pretrial Conference"). During the November Pretrial Conference, Plaintiff moved to continue the trial date due to scheduling conflicts in his other cases. On November 21, the Court entered an order [Doc. 50 ("November 21 Order")], granting the motion to continue and resetting the trial for January 20, 2026. In the November 21 Order, the Court further held that the trial would be bifurcated, with Phase One addressing (1) Officer Meeks' liability and the amount of any compensatory damages (or nominal damages), and (2) whether Plaintiff is entitled to an award of punitive damages; and

Phase Two addressing, if necessary, the amount of punitive damages. Thereafter, the parties jointly submitted proposed jury instructions and a verdict form for Phase Two [Doc. 52; Doc. 53]. Plaintiff filed his objections to Officer Meeks' deposition designations, and Officer Meeks filed a response [Doc. 51; Doc. 56], to which Plaintiff did not reply. The parties also jointly submitted a Supplemental Proposed Final Pretrial Order [Doc. 54], which identifies the exhibits the parties intend to offer at trial that remain in dispute:

- Exhibit 2, February 19, 2023 Incident Report
- Exhibit 3, February 10, 2023 Disciplinary Hearing Decision
- Exhibit 4, February 19, 2023 Rule Violation Notice
- Exhibit 5, February 19, 2023 Disciplinary Hearing Appeal Decision
- Exhibit 11, February 19, 2023 OPA Report
- Exhibit 12, December 9, 2022 Incident Report (Case No. 2644)
- Exhibit 13, December 16, 2022 Disciplinary Recording 1
- Exhibit 14, December 16, 2022 Disciplinary Recording 2
- Exhibit 15, CCSD's[1] Disciplinary Hearing Decision (Case No. 2644)
- Exhibit 16, CCSD's Inmate Rule Violation
- Exhibit 17, CCSD's Disciplinary Hearing Appeal Decision (Case No. 2644)
- Exhibit 18, Plaintiff's CCSD's Disciplinary Appeal Form, Dated December 16, 2022
- Exhibit 24, October 9, 2013 Entry of Judgment for Theft over $1,000 (redacted)
- Exhibit 27, August 15, 2011 Conviction for Assault
- Exhibit 28, June 22, 2011 Conviction for Burglary of a Motor Vehicle (redacted)

---

[1] Coffee County Sheriff's Department

- Exhibit 29, June 22, 2011 conviction for theft over $1,000 (redacted)

[Doc. 54 at Page ID # 444–453].

During the November Pretrial Conference and a telephonic status conference held January 13, 2026 ("January 13 Status Conference"), the parties and the Court discussed how the disputed exhibits could be divided into three categories: (1) Exhibits 2, 3, 4, 5, and 11, which all pertain to the February 19, 2023, incident that forms the basis of Plaintiff's claims in this case ("Incident-Related Exhibits"); (2) Exhibits 12 through 18, which all pertain to incidents at the Coffee County Jail involving Plaintiff that took place prior to February 19, 2023, and which are unrelated to the subject incident ("Unrelated Incident Exhibits"); and (3) Exhibits 24, 25, 27, 28, and 29, all of which are proof of Plaintiff's prior convictions ("Conviction Exhibits").[2] The parties' Supplemental Proposed Final Pretrial Order sets forth Plaintiff's objections to these exhibits and Officer Meeks' responses. The Court addresses the parties' arguments regarding the exhibits below, followed by the parties' dispute over the deposition designations.

**1.      Incident-Related Exhibits**

The first category of exhibits are the Incident-Related Exhibits (Exhibits 2, 3, 4, 5, and 11). Plaintiff objects to each of these exhibits on hearsay grounds pursuant to Rule 802, and to Exhibits 3, 4, 5, and 11 also on speculation and relevance grounds under Rules 402, 403, and 602.

In response to Plaintiff's hearsay objections, Officer Meeks contends that each of the Incident-Related Exhibits qualifies as an exception to hearsay under Rule 803(6), Records of

---

[2] The Supplemental Proposed Final Pretrial Order [Doc. 54] also lists Exhibit 25 as disputed. Exhibit 25 is labeled as "June 18, 2025 Conviction for Theft of Property of $2,500-$10,000." During the November Pretrial Conference, Plaintiff represented he would not object to Exhibit 25, and he confirmed that he was withdrawing his objection to Exhibit 25 during the January 13 Status Conference. Accordingly, the Court will terminate as moot Plaintiff's objection to Exhibit 25.

3

Regularly Conducted Activity,[3] and as an exception under Rule 803(8), Public Records.[4] Officer Meeks asserts that he will be calling a records custodian to testify and lay a proper foundation showing these exhibits qualify under these hearsay exceptions. The Court cannot determine on the current record whether the Incident-Related Exhibits qualify under Rule 803(6) or 803(8).

---

[3] To qualify as a record of regularly conducted activity under Federal Rule of Evidence 803(6), each exhibit must constitute a "record of an act, event, condition, opinion, or diagnosis," and meet the following criteria:

- (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;

- (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

- (C) making the record was a regular practice of that activity;

- (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

- (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

[4] To qualify as a public record under Federal Rule of Evidence 803(8), each exhibit must constitute a "record or statement of a public office," and:

- (A) it [must] set[] out:

  - (i) the office's activities;

  - (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or

  - (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and

- (B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

Accordingly, the Court **RESERVES RULING** on the Rule 803(6) and 803(8) hearsay issues as to the Incident-Related Exhibits.

In addition, Exhibit 2 (the February 19, 2023, Incident Report), and possibly other Incident-Related Exhibits, contains what appears to the Court to be hearsay within hearsay. During the January 13 Status Conference, Officer Meeks explained that Christian Reese, one of the declarants in Exhibit 2, will be testifying at trial, but otherwise the parties did not address any hearsay within hearsay issues during the January 13 Status Conference, in their Supplemental Proposed Final Pretrial Order [Doc. 54], or otherwise. The Court cannot determine on the current record whether any hearsay within hearsay in Exhibit 2, or in any other Incident-Related Exhibits, meets any hearsay exception in Rule 803. Accordingly, the Court **RESERVES RULING** on any hearsay within hearsay issues pertaining to the Incident-Related Exhibits.

Plaintiff also argues Exhibits 3, 4, 5, and 11 should be excluded pursuant to Federal Rules of Evidence 402, 403, and 602. Officer Meeks contends that these Incident-Related Exhibits are relevant because they relate directly to the "events and conduct in dispute" (Exhibit 3), contain a "direct description of the disputed event" (Exhibit 4), reflect an "assessment of Plaintiff's conduct during the incident" (Exhibit 5), and contain a "factual account and findings regarding Plaintiff's and [Officer Meeks'] conduct." [Doc. 54 at Page ID # 446–47]. During the January 13 Status Conference, Officer Meeks reiterated these arguments and further clarified that he intends to call experts who will testify regarding some of the Incident-Related Exhibits, and that some of the other Incident-Related Reports contain Plaintiff's statements made during investigative interviews.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Relevant evidence is admissible" unless otherwise provided by the

5

Constitution, federal statute, or the Federal Rules of Evidence, and "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Relevant evidence may be excluded by the court "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Court is unable to determine, on the current record, whether Exhibits 3, 4, 5, and 11 should be excluded as irrelevant or for one of the reasons listed in Rule 403. Likewise, Plaintiff has not demonstrated a lack of personal knowledge as to these exhibits on the current record; rather, Officer Meeks may elicit testimony at trial to demonstrate the witness's personal knowledge as to any of the Incident-Related Exhibits.

Courts should exclude evidence pretrial "only when [the] evidence is clearly inadmissible on all potential grounds." *United States v. Phillips*, 146 F. Supp. 3d 837, 841 (E.D. Mich. 2015) (citation omitted). "In cases where that high standard is not met, 'evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context.'" *Id.* (quoting *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)). Accordingly, the Court **RESERVES RULING** on Plaintiff's Rule 402, 403, and 602 objections to the Incident-Related Exhibits.

2. **Unrelated Incident Exhibits**

Plaintiff objects to each of the Unrelated Incident Exhibits (Exhibits 12–18) based on Federal Rules of Evidence 402, 403, 404, and 802. Regarding Plaintiff's Rule 404 objection, Officer Meeks responds that these exhibits will be offered "not for propensity, but for intent, plan, and absence of mistake regarding Plaintiff's alleged fabrication of events in correctional encounters." [Doc. 54 at Page ID # 447–51]. More specifically, Officer Meeks contends that these exhibits document "prior, similar incident[s]," some of which were "cell-entry events," where

6

Plaintiff engaged in "misrepresentation" and/or "falsification." As a result, Officer Meeks contends these exhibits fit various Rule 404(b) purposes: Exhibit 12 is "probative of a pattern of falsifying circumstances, which bears directly on intent and absence of mistake in his present allegation that the officer bit him" [Doc. 54 at Page ID # 447–48]; Exhibits 13 and 14 are "relevant to whether his current claim (alleged bite) reflects a deliberate pattern rather than an accidental or mistaken perception" [*id.* at Page ID # 448], and Exhibits 15, 16, 17, and 18 are "probative of whether his current 'bite' allegations is intentional fabrication rather than mistake or misunderstanding." [*id.* at Page ID # 449].

These are not proper purposes under Rule 404(b). *See United States v. Robinson*, 272 F. App'x 421, 420 (6th Cir. 2007) (rejecting argument that "proffered evidence was admissible under Rule 404(b) because it tended to show that Officer Blanding may have fired at defendant even though he did not see defendant with a gun, and that he lied about seeing defendant pull a weapon in order to shield himself from liability," finding that a "person's propensity to act in a certain way" is not a proper Rule 404(b) purpose and that "Rule 404(b) does not pertain to evidence on the issue of credibility") (citations omitted).

Officer Meeks has not argued these exhibits are relevant for any other purpose, and the Court struggles to see how evidence of these unrelated, prior incidents have any tendency to make any facts of consequence "more or less probable" than such facts would be without the exhibits. Fed. R. Evid. 401. Even if these exhibits were somehow relevant to the subject incident, the probative value of these exhibits is substantially outweighed by the risk of unfair prejudice to Plaintiff, essentially for the reasons Officer Meeks articulated. Moreover, Officer Meeks has not argued that he personally was aware of these prior incidents, such that they affected his state of mind when encountering Plaintiff during the subject incident. *See Hanson v. Madison Cnty. Det.*

*Ctr.*, 736 F. App'x 521, 528 (6th Cir. 2018) (Whether force used was excessive must be determined "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." (citation omitted)).

Accordingly, Plaintiff's objections to the Unrelated Incident Exhibits (Exhibits 12, 13, 14, 15, 16, 17, and 18) on Rule 402, 403, and 404 grounds are **SUSTAINED**. As such, it is unnecessary for the Court to address Plaintiff's Rule 802 hearsay objections to these exhibits, and the Court declines to do so.

**3.     Conviction Exhibits**

The third group is the Conviction Exhibits (Exhibits 24, 27, 28, and 29). Plaintiff objects to admission of the Conviction Exhibits under Rule 609 and Rule 404. Officer Meeks indicates he is not seeking to offer the Conviction Exhibits for any purpose under Rule 404. Plaintiff's Rule 404 objections to the Conviction Exhibits are therefore **OVERRULED**. Rule 609 provides:

> (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> > (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
> >
> > > (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; . . .
> >
> > . . . .
> >
> > (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement.
>
> (b) Limit on Using the Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

8

> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>
> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Fed. R. Evid. 609.

Exhibit 27 shows an August 2011 misdemeanor conviction for assault, for which Plaintiff was sentenced to 11 months and 29 days, with his sentence suspended for all but 60 days. As assault is not a crime of dishonesty, the conviction/sentence are more than ten years old, and the conviction does not appear to be otherwise relevant, Plaintiff's objection to Exhibit 27 is **SUSTAINED**.

The parties do not appear to dispute that the remaining convictions are all felonies and that they involved a dishonest act. Exhibit 24 shows a conviction for theft over $1,000, entered October 9, 2013, for which Plaintiff was sentenced to two years of incarceration; Exhibit 28 shows a conviction for burglary of a motor vehicle, entered June 22, 2011, for which Plaintiff was sentenced to 1 year of incarceration followed by six months of probation; and Exhibit 29 shows a conviction for theft over $1,000, entered June 22, 2011, for which Plaintiff was sentenced to 182 days of incarceration followed by three years and six months of probation (collectively, the "Felony Convictions").

During the January 13 Status Conference, the Court asked the parties their positions regarding when the ten-year clock began to run on the Felony Convictions, and neither side offered any substantive argument whatsoever. When questioned, Plaintiff was unable to answer whether the Felony Convictions were more than ten years old as that time period is calculated under Rule 609.

9

Nevertheless, it appears from the face of the exhibits that the Felony Convictions are more than ten years old for Rule 609 purposes. Accordingly, evidence of these convictions is admissible only if there are "specific facts and circumstances" demonstrating that the probative value of these convictions "substantially outweighs" their prejudicial effect. Fed. R. Evid. 609(b). "Rule 609(b) creates, in effect, a rebuttable presumption that convictions over ten years old are more prejudicial than helpful and should be excluded." *United States v. Rodriguez*, 409 F. App'x 866, 869-70 (6th Cir. 2011) (citation omitted) (affirming exclusion of 14-year-old conviction for theft).

In *United States v. Sims*, the United States Court of Appeals for the Sixth Circuit explained that "[w]hen stale convictions are offered for the purpose of impeaching a witness, they often shed little light on the present tendency of the witness toward truthfulness and veracity." 588 F.2d 1145, 1148 (6th Cir.1978). The court concluded that evidence of convictions more than ten years old will "very rarely and only in exceptional circumstances" be admitted. *Id.* Rule 609(b) requires the Court to make an "on-the-record finding based on specific facts and circumstances that the probative value of the evidence substantially outweighs the danger of unfair prejudice."[5] *Sims*, 588 F.2d at 1149 (citation omitted). The court identified the following factors "which the judge should take into account":

(1) The impeachment value of the prior crime.

(2) The point in time of the conviction and the witness' subsequent history.

(3) The similarity between the past crime and the charged crime.

(4) The importance of the defendant's testimony.

---

[5] In *Sims*, the Sixth Circuit urged "trial judges to make such determinations after a hearing on the record." 588 F.2d at 1149. The parties have not requested oral argument specifically regarding the Conviction Exhibits, however, and the Court finds additional opportunity to argue the admissibility of these exhibits is not necessary.

(5) The centrality of the credibility issue.

*Id.* (citation omitted); *see also Lovett v. Cole*, No. 1:11-cv-277, 2014 WL 5802666, at *1 (S.D. Ohio Nov. 7, 2014) (applying factors in civil case; excluding evidence of "nearly twenty-year-old criminal convictions").

Although the subject incident does not involve allegations of theft or burglary against Plaintiff, all the other factors militate in favor of admission. The Felony Convictions certainly have some impeachment value, as Plaintiff's testimony is likely to be critical in this case. Although there is a video of the subject incident, neither side has argued it is crystal clear, and neither side filed a dispositive motion in this case. The jury will therefore likely be required to consider the video alongside other proof in this case, including Plaintiff's testimony and credibility. Plaintiff has not argued otherwise, nor has he argued the Felony Convictions do not bear on his credibility. Finally, the Court finds it significant that Plaintiff sustained another serious theft-related conviction, as reflected in Exhibit 25, *barely* ten years after completing his incarceration/probation for the Felony Convictions.[6]

On balance, the Court finds Officer Meeks has overcome the rebuttable presumption against admitting the Felony Convictions from 2011 and 2013. Accordingly, Plaintiff's objections to Exhibits 24, 28, and 29 are **OVERRULED**.

**4.    Deposition Designations**

Finally, in the November 21 Order, the Court ordered the parties to address Officer Meeks' deposition designations, all of which concern Plaintiff's deposition testimony. Plaintiff timely filed

---

[6] Exhibit 25 is Plaintiff's June 18, 2025, Conviction for Theft of Property of $2,500–$10,000. It lists an offense date of August 4, 2021, and it indicates Plaintiff received pretrial jail credit for the time period beginning August 7, 2021, and ending on the date judgment was entered, June 18, 2025. As mentioned above, Plaintiff has withdrawn his objection to the admissibility of Exhibit 25.

his objection [Doc. 51], and Officer Meeks timely filed his response [Doc. 56]. Plaintiff was not required to file a reply, and he did not do so.

Plaintiff indicates that he "generally does not object to the deposition excerpts, except that he submits that a couple places should include some additional lines for context." [Doc. 51 at Page ID # 433]. Officer Meeks does not object to the inclusion of page 51, line 13 through page 52, line 1, and he does not object to the inclusion of page 29, line 1 through line 2. Accordingly, Plaintiff's objections (or perhaps more accurately, counter-designations) are **SUSTAINED**. Officer Meeks **SHALL** include the aforementioned additional lines when offering Plaintiff's deposition testimony at trial.

The Court **OVERRULES** Plaintiff's objection to the extent he requests inclusion of page 29, lines 3 through 8, beginning with "And with Meeks, he's always trying to cause trouble." Plaintiff's only argument is that these additional lines would be helpful for "context." The Court respectfully disagrees. The Court agrees with Officer Meeks that lines 3 through 8 are nonresponsive to the question, appear to reflect hearsay or improper opinion testimony, and in general do not meet applicable standards for admissibility.

**5.      Conclusion**

As set forth above, the Court hereby **OVERRULES AS MOOT** Plaintiff's objection to Exhibit 25.

The Court **RESERVES RULING** on Plaintiff's objections to the Incident-Related Exhibits (Exhibits 2, 3, 4, 5, and 11). Plaintiff may renew his objections to these exhibits at trial.

The Court **SUSTAINS** Plaintiff's objections to the Unrelated Incident Exhibits (Exhibits 12 through 18). If Officer Meeks has a good-faith basis for seeking to enter these exhibits at trial for some other reason that those addressed herein, he **SHALL** bring it to the attention of the Court

12

outside the presence of the jury before displaying the Unrelated Incident Exhibits to the jury or attempting to elicit testimony regarding the content of the Unrelated Incident Exhibits.

The Court **OVERRULES** Plaintiff's objection to Exhibits 24, 28, and 29 and **SUSTAINS** Plaintiff's objection to Exhibit 27.

The Court **SUSTAINS IN PART AND OVERRULES IN PART** Plaintiff's objection to Officer Meeks' deposition designations, as set forth above.

SO ORDERED.

ENTER:

/s/ _____
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE